**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOOMINGDALE'S, INC., a Delaware corporation; FEW MODA, LLC, individually and doing business as "O.P.T.", a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.: 1:22-cv-392<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1.   COPYRIGHT INFRINGEMENT and**<br><br>**2.   VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**<u>Jury Trial Demanded</u>** |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Bloomingdale's, Inc. ("Bloomingdale's"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1000 3rd Avenue, New York, New York 10022.

6.      Plaintiff is informed and believes and thereon alleges that Defendant Few Moda LLC, individually and doing business as "O.P.T." ("O.P.T."), is a limited liability company organized and existing under the laws of the State of Delaware and is doing business in and with the state of New York and this District.

7.      Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names,

whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 410

10. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 410 (the "Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

11. Plaintiff owns a United States Copyright Registration covering the Subject Design.

12. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries.

3
COMPLAINT

13.      Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design.

14.      Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants Bloomingdale's, O.P.T., and others, including certain defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Product"). Such garments include but are not limited to the garments designated Style No. T8SDRL01112 and Web ID No. 3487009, which bear the label "O.P.T.".

15.      Below is a comparison of the Subject Design with exemplars of Infringing Product:

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

| **Subject Design** | **Infringing Product Exemplar** |
| --- | --- |
| **Klauber Design 410** | **O.P.T. Orion Long-Sleeve Lace Mini Dress** |
| | Garment |
| |  |
| | Detail |
| |  |

16.     A more detailed comparison is provided below:



17.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

18.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

20.     Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

21.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

22.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

23.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

25.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

26.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and complete extent to which

Defendants were involved in a network of infringement with as of yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

28.    Plaintiff is informed and believes and thereon alleges that each of the retailer Defendants had written agreements with O.P.T. such that each retailer Defendant had oversight and control over the sourcing of laces affixed to the Infringing Products.

29.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31.    Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

32.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

///

///

**PRAYER FOR RELIEF**

33.     Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

With Respect to Each Claim for Relief

a)  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b)  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c)  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d)  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e)  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f)  That Plaintiff be awarded pre-judgment interest as allowed by law;

g)  That Plaintiff be awarded the costs of this action; and

h)  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

///

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 14, 2022                    By:   _____
                                                 Scott Alan Burroughs, Esq.
                                                 scott@donigerlawfirm.com
                                                 DONIGER / BURROUGHS
                                                 247 Water Street, First Floor
                                                 New York, New York 10038
                                                 (310) 590-1820

                                                 Laura M. Zaharia, Esq.
                                                 lzaharia@donigerlawfirm.com
                                                 DONIGER / BURROUGHS
                                                 247 Water Street, First Floor
                                                 New York, New York 10038
                                                 (310) 590-1820
                                                 Attorneys for Plaintiff